## HAD WHITE v. THE STATE.

### *No. 6635.    Decided June 22.*

1. **Practice—Charge of the Court.**—See the statement of the case for evidence *held* to raise the question of the *bona fides* of an explanation of possession of recently stolen property, and therefore to have demanded of the court an instruction upon that issue; and see the opinion for a special instruction on the question requested by the defendant the refusal of which by the court was error.

2. **Same.**—An erroneous charge, although it enures to the benefit of the accused, if excepted to constitutes reversible error.

APPEAL from the District Court of Milam. Tried below before Hon. John N. Henderson.

The conviction in this case was for the theft of six hundred and fifteen dollars in money, the property of George Miller. The penalty assessed by the verdict was a term of five years in the penitentiary.

George Miller testified for the State in substance that in November, 1888, he lived in a "dug-out" in Nolan County, Texas. Defendant and his brother John White were living with the witness at that time. A man named Brooks, the defendant, and his brother John, and witness slept in the said "dug-out" one particular Sunday night in November, 1888. The two beds stood in the room head to head. Witness and Brooks occupied one of the beds, and defendant and his brother John the other. When the witness retired he hung his vest on one of the posts of the bed he occupied. In the inside pocket of that vest the witness had a turnip seed sack containing six hundred and fifteen dollars in currency, which said money was the property of the witness. The witness missed the said sack and money on the following morning when he had occasion to make a payment to Brooks for labor. He knew then that the money had been stolen, but said no more than that "the money is gone, but it will come up all right." A week afterwards the witness went to Milam County. On his arrival he told the marshal of Rockdale about the theft of his money. On the 19th day of January, 1889, the defendant and one John Moore were arrested in Rockdale and charged with the theft of the witness's money. Of the several bills now exhibited to the witness, he positively identified a certain torn one hundred dollar bill as one of the bills stolen from him in Nolan County in the manner stated. He believed that a certain other of the bills was one of the bills so stolen from him, but he was not able to identify it positively.

Cross-examined the witness said that he last saw his sack of money before the theft on Saturday morning—the day before it was stolen—when he started to his pasture to get up a horse. He rode over his pasture on that morning, and chased the horse in a lope seventy or a hundred yards. On Monday morning, although he knew he had not lost his money in the said pasture on the preceding Saturday, he, in company with defendant,

rode over the course he had followed the horse in a lope, as stated. Of course the money was not found. Witness lost money out of his pocket while following stock on two occasions.

R. H. Hicks testified for the State that he changed for John Moore one of the hundred dollar bills now in evidence, giving him in change twenty five-dollar bills. That transaction occurred in Rockdale, Milam County, on January 19, 1889.

J. E. Longmore testified for the State that John Moore came into his bank in Rockdale on January 19, 1889, and exchanged five, ten, and twenty dollar bills for gold.

Constable Gambill, of Rockdale, testified for the State that he and Marshal Arthur arrested defendant in Rockdale on January 19, 1889. They cautioned him that whatever statement he saw proper to make would be used in evidence against him, and then told him that he was charged with the theft of George Miller's money. Defendant asked, " Who in the hell gave this thing away? Is Payne arrested?" He then said that he did not steal the money, but found it in Miller's pasture, and that he had not intended to keep it, but thought he would bet it on a horse race, win some money for himself, and then return it to Miller. A ten and a five dollar bill and some silver were found on defendant's person. Soon after the arrest of defendant the witness and Arthur arrested John Moore and put him in the calaboose with defendant. On his person they found one hundred dollars in gold. They then asked Moore for the money he got that morning from Hicks. He replied that he changed it at the bank for gold. Witness and Arthur then left, but soon returned to the calaboose and told Moore that he had not surrendered all the money he had. They were about to search Moore, when he took from his vest a roll of currency, consisting of the bills in evidence. He remarked, defendant being present, "I did not steal this money. Had White gave it to me; didn't you, Had?" Defendant replied, "Yes." This witness was circumstantially corroborated by Marshal Arthur.

*T. S. Henderson*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.—Defendant requested a special instruction as follows: "If you find that when defendant was called on for an explanation of his possession of the money charged to have been stolen, that he said he had found the money in Miller's pasture, and that he had not stolen it, and that he had intended to give it back to Miller, but that he had not seen Miller since he found the money, and that he thought he would bet the money on a horse race and win some money for himself on a horse race and then give it to Miller, and you believe said explanation

was reasonable, natural, and probably true, then you can not convict defendant unless the State has shown such explanation to be false, and the State must so show beyond a reasonable doubt."

This instruction the court refused to give, and the defendant excepted. In this we think the court erred. We think the evidence demanded such charge, and its substance or equivalent was not embraced in the general charge given to the jury. The issue presented by said special instruction was plainly raised by the evidence, and the jury should have been directly and clearly instructed as to the law upon such issue. Fernandez v. The State, 25 Texas Ct. App., 538; Guest v. The State, 24 Texas Ct. App., 530; Boyd v. The State, Id., 570.

It was error we think to charge with respect to the theft of property of less value than twenty dollars. No such issue was raised by the evidence. While this error in the charge would be regarded as favorable to the defendant, and therefore immaterial if it had not been excepted to, yet having been excepted to and properly presented by a bill of exception, we must hold the error to be reversible error.

Other errors assigned are not considered tenable.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.